IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| LYUDMILA BIKTASHEVA, et al. | : |
|  | : |
| v. | : Civil Action No. DKC 2004-2366 |
|  | : |
| RED SQUARE SPORTS, INC. | : |
|  | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution are the motions of Defendant Red Square Sports, Inc. to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), (5), and (6), or, alternatively, for summary judgment pursuant to Fed.R.Civ.P. 56 (paper nos. 4, 6). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the court grants Defendant's second motion to dismiss for lack of subject matter jurisdiction, but Plaintiffs will be permitted to move for leave to amend.

**I.  Background**

Plaintiffs Lyudmila Biktasheva and Silviya Skvortsova are professional athletes and citizens of the Russian Federation. Defendant, a Maryland corporation, provides agent and management services to professional athletes.  In late 2001, Defendant negotiated endorsement contracts with Nike, Inc., for both Plaintiffs.  Each Plaintiff signed a contract with Defendant,

whereby Defendant agreed to provide professional athletic agent and management services in exchange for a 10% commission on Plaintiffs' endorsement and appearances fees.  Each Plaintiff also signed an endorsement contract with Nike.

Plaintiffs contend that Defendant told them they would each receive approximately $3,000 per year pursuant to the Nike contracts, but that the contracts actually required Nike to pay each Plaintiff i 10,000, or approximately $12,000 per year. Each Plaintiff further contends that Defendant arranged for Nike to pay Defendant directly, and that Defendant then paid each Plaintiff only approximately $3,000 annually instead of the roughly $12,000 owed.

In their complaint, Plaintiffs asserted claims for breach of contract and conversion, and each requested compensatory and punitive damages "of an amount greater than $75,000," plus interest, attorney's fees and costs.  Paper no. 1, at 4.  In response, Defendant filed a paper titled "Defendant's Special Appearance Motion to Dismiss," (paper no. 4), but that motion was submitted by Defendant's registered agent, and without proper counsel, in violation of Local Rule 101, which states that, subject only to exceptions not applicable here, "only members of the Bar of this Court may appear as counsel in civil cases.  Only individuals may represent themselves."  Defendant,

2

through counsel,   then properly moved to dismiss, or,
alternatively, for summary judgment.  Paper no. 6.  In that
motion, Defendant asserted, as it had in its original motion to
dismiss, that the court lacked both personal jurisdiction, due
to insufficient service, and subject matter jurisdiction,
because the amount in controversy did not exceed $75,000 per
plaintiff.   Defendant further asserted that Plaintiffs'
conversion claim was insufficient as a matter of law.  Finally,
Defendant argued that, because it attached an affidavit stating
that "[a]t all times pertinent to this matter, the plaintiffs
were paid all monies due to them," paper no. 6, Ex. A (Decl. of
Konstantin Selinevich), and because Plaintiff had as yet
submitted no affidavit or evidence to the contrary, Defendant
should be awarded summary judgment on the breach of contract
claim.

Because the issues raised in Defendant's first, improperly
filed motion to dismiss are all also raised in its subsequent,
proper motion to dismiss, the first motion will be denied as
moot, and the court will proceed only on the second motion.

In their response to Defendant's motion, Plaintiffs conceded
that their conversion claim was without merit, agreed to drop
that claim from their complaint, and filed an Amended Complaint,
pursuant to Fed.R.Civ.P. 15(a), which allows a plaintiff to

amend a pleading "once as a matter of course at any time before a responsive pleading is served."[1]  Plaintiffs reasserted their breach of contract claim (count I), introduced new claims for breach of the principal-agency relationship (count II), breach of fiduciary duty (count III), fraud (count IV), and fraudulent inducement (count V), and requested the same relief.  Paper no. 13.  Plaintiffs argued, however, that the court had both personal and subject matter jurisdiction, and they submitted their own affidavits contradicting Defendant's contention that Plaintiffs had been fully paid, thus creating a dispute of material fact to avoid summary judgment.  Paper no. 14.

Pursuant to a consent motion granted paperlessly by the court, Defendant in a single reply addressed both the arguments raised in Plaintiff's opposition brief and the claims first introduced in the amended complaint.  Paper no. 17.  Plaintiffs did not respond to Defendant's arguments regarding the new claims.

---

[1] Defendant's motion to dismiss, or, alternatively, for summary judgment, does not constitute a responsive pleading.  *See Turner v. Kight,* 192 F.Supp.2d 391, 397 (D.Md. 2002) ("Neither a motion to dismiss nor one for summary judgment is a responsive pleading for purposes of Rule 15(a).") (quoting *McDonald v. Hall,* 579 F.2d 120, 120 (1st Cir. 1978)); *Ocean Breeze Festival Park, Inc. v. Reich,* 853 F.Supp. 906, 919 (E.D.Va. 1994), *aff'd sub nom. Va. Beach Policemen's Benevolent Ass'n v. Reich,* 96 F.3d 1440 (4th Cir. 1996) ("under Rule 7, motions are not considered responsive pleadings").

## II.  Sufficiency of Service

Defendant contends that Plaintiffs' service of process upon him was insufficient.  The court disagrees.

Fed.R.Civ.P. 12(b)(5) provides that a motion to dismiss may be based on "insufficiency of service of process."  The requirements for service of process are set forth in Fed.R.Civ.P. 4.  Rule 4(e)(1) states that service may be effected upon an individual "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State," and Rule 4(h) renders Rule 4(e)(1) equally applicable to service upon corporations.  *See* Rule 4(h) ("service upon a . . . corporation . . . shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1) . . . .").  In Maryland, service of process is governed in part by Md. Rule 2-124, which states:

> Service may be made upon a corporation . . . by serving two copies of the summons, complaint, and all other papers filed with it, together with the requisite fee, upon the State Department of Assessments and Taxation if (i) the entity has no resident agent; (ii) the resident agent is dead or is no longer at the address for service of process maintained with the State Department

of Assessments and Taxation; or (iii) two
good faith attempts on separate days to
serve the resident agent have failed.

Md. Rule 2-124(o).

Here, Plaintiffs' service of process upon Defendant was sufficient. Defendant argues that Plaintiffs' process servers made only one attempt to serve its resident agent before serving the State Department of Assessments and Taxation ("SDAT"), instead of two as required by Rule 2-124(o)(iii). In response, Plaintiffs argue correctly that because their process server determined that Defendant's resident agent is no longer at the address reflected in SDAT's records,[2] *see* paper no. 3, affidavit of Ed Cihlar (noting "Resident Agent No Longer at Address Given"), their subsequent service to SDAT, *see id.* (Defendant "Served at SDAT"), was proper under Rule 2-124(o)(ii). That Plaintiffs subsequently continued to attempt, unsuccessfully, to serve Defendant personally by locating a valid address for its resident agent in Gaithersburg, Maryland, is laudable but unnecessary to establish that process was properly served.

---

[2] Plaintiffs state that SDAT's records reflect the address of Defendant's resident agent, Konstantin Selinevich, to be 870 College Parkway, Rockville, Maryland. As the address of a corporation's resident agent is a matter of public record, the court may take judicial notice of it and consider it in a motion to dismiss. *See Anheuser-Busch, Inc. v. Schmoke,* 63 F.3d 1305, 1312 (4th Cir. 1995), *vacated on other grounds,* 517 U.S. 1206 (1996).

6

III. **Subject Matter Jurisdiction**

Defendant contends that the court lacks subject matter jurisdiction over this matter.  The court agrees.

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed.R.Civ.P. 12(b)(1).  The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court.  *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).  In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it.  *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.  The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Richmond*, 945 F.2d at 768.

Plaintiffs assert that this court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332(a).  That statute grants original jurisdiction to this court in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . . (2) citizens of a State and citizens or subjects of a foreign state . . . ."  *Id.*  Each plaintiff must demonstrate the

7

jurisdictional basis and allege the necessary amount in controversy. *Feikema v. Texaco,* 16 F.3d 1408, 1412 (4th Cir. 1994) (citing *Schlesinger v. Councilman,* 420 U.S. 738, 744 n.9 (1975)).  It is undisputed that Plaintiffs are citizens of the Russian Federation and that Defendant is a Maryland corporation, satisfying the statute's diversity requirement; and Plaintiffs' amended complaint requests that each Plaintiff receive "compensatory and punitive damages of an amount greater than $75,000, as well as restitution of any fees paid to Defendant, pre- and post-judgment interest, attorneys' fees and costs . . . ."  Paper no. 13, at 5.  Plaintiffs therefore contend that they have met the requirements of § 1332(a).

Defendant, however, contends that Plaintiffs have not stated claims for more than $75,000 each.  Defendant asserts that "the actual amount in controversy is no more than $18,000 per plaintiff," and that therefore, "plaintiffs have pinned all of their hopes for meeting the amount in controversy requirement on obtaining punitive damages of approximately $60,000 each."  Paper no. 17, at 9.  Defendant then argues that the amended complaint fails to state any claim for which punitive damages can be awarded, *id*, and that, consequently, Plaintiffs have failed to state claims satisfying the amount in controversy requirement of § 1332(a).

8

"The party seeking to invoke the jurisdiction of the federal courts has the burden of proving its existence by showing that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount." *Schaefer v. Aetna Life & Cas. Co.,* 910 F.Supp. 1095, 1097 (D.Md. 1996); 14B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3702, at 33-34 (3rd ed. 2004). "[I]f it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction." *Wiggins v. N. Am. Equitable Life Assurance Co.,* 644 F.2d 1014, 1017 (4th Cir. 1981) (quoting *McDonald v. Patton,* 240 F.2d 424, 426 (4th Cir. 1957)); *FLF, Inc. v. World Publs.,* 999 F.Supp. 640, 643-44 (D.Md. 1998) (citing *Wiggins*).

As Plaintiffs each allege that they are owed at most $36,000 in actual damages and/or restitution, *see* paper no. 14, at 7, it is undisputed that, without punitive damages and attorney's fees, the amount in controversy does not exceed $75,000 per plaintiff. Both punitive damages and attorney's fees have long been included in determining whether the amount in controversy requirement has been met. *See* 14B Wright & Miller § 3702, at 89 (punitive damages), 89-93 (attorney's fees). The court, however, finds that Plaintiffs' amended complaint does not currently state claims for which punitive damages or attorney's

fees can be awarded.   Consequently, Plaintiffs have failed to state claims upon which relief in excess of $75,000 per plaintiff can be granted, and the court must dismiss for lack of subject matter jurisdiction.

### A.   Punitive Damages

In Maryland, punitive damages are not available in a pure action for breach of contract, even if the breach is malicious. *Munday v. Waste Mgmt. of N. Am.,* 997 F.Supp. 681, 685 (D.Md. 1998) (citing *St. Paul at Chase Corp. v. Mfrs. Life Ins. Co.,* 278 A.2d 12 (Md. 1971)).   In a tort action, a plaintiff must prove that a defendant had actual malice in order to obtain punitive damages. *Montgomery Ward v. Wilson,* 664 A.2d 916, 930 n.5 (1995).   Actual malice has been defined as conduct "characterized by evil motive, intent to injure, ill will, or fraud." *Komornik v. Sparks,* 629 A.2d 721, 725 (1993); *see Owens-Illinois, Inc. v. Zenobia,* 601 A.2d 633, 650 (Md. 1992) ("punitive damages are awarded in an attempt to punish a defendant whose conduct is characterized by evil motive, intent to injure, or fraud, and to warn others contemplating similar conduct of the serious risk of monetary liability").   Thus, in an action for fraud, "the defendant's actual knowledge of falsity, coupled with his intent to deceive the plaintiff by means of the false statement, constitutes the actual malice

required to support an award of punitive damages." *Ellerin v.*
*Fairfax Sav., F.S.B.,* 652 A.2d 1117, 1126 (Md. 1995).

To be awarded punitive damages, therefore, Plaintiffs must
sufficiently allege that Defendant committed either (1) fraud,
or (2) another tort with actual malice.   Here, Plaintiffs
attempt to state claims for fraud, fraudulent concealment,
breach of the principal-agent relationship, and breach of
fiduciary duty.   Because Plaintiffs' claims for fraud and
fraudulent concealment are not sufficiently particularized to
satisfy Rule 9(b), and because Plaintiffs have failed to plead
facts to show actual malice, it is a "legal certainty" that
Plaintiffs cannot recover punitive damages based on the Amended
Complaint as it currently exists.

### 1.   Fraud

Generally, a plaintiff's complaint need only satisfy the
"simplified pleading standard" of Rule 8(a), *Swierkiewicz v.*
*Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short
and plain statement of the claim showing that the pleader is
entitled to relief."   Fed.R.Civ.P. 8(a)(2).   "In all averments
of fraud or mistake," however, "the circumstances constituting
fraud or mistake shall be stated with particularity," although
"[m]alice, intent, knowledge, and other condition of mind of a
person may be averred generally."   Fed.R.Civ.P. 9(b).   Failure

to comply with the pleading requirements of Rule 9(b) is treated as a failure to state a claim under Rule 12(b)(6).  *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 n.5 (4th Cir. 1999).

When alleging fraud, a plaintiff must specify "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Keeney v. Larkin,* 306 F.Supp.2d 522, 527 (D.Md. 2003) (quoting *Harrison,* 176 F.3d at 784).  However, "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts."  *Harrison,* 176 F.3d at 784.  Here, Plaintiffs allege that Defendant "informed Plaintiffs that Nike had agreed to endorsement contracts whereby each of them would receive approximately $3,000 per year," but that "[u]nbeknownst to Plaintiffs, Defendant misrepresented the true value of the Nike Contracts" and "for its own profit and gain, concealed the actual terms of the Nike Contracts from Plaintiffs . . . ."  Paper no. 13, at ¶ 11, 13-14.  These allegations, alone, fall short of the heightened pleading requirement of Rule 9(b).  Plaintiffs have

specified neither the time nor place of the alleged fraud, nor the specific identity of the alleged perpetrator.  Plaintiffs' allegations of fraud as stated in their amended complaint are therefore insufficient as a matter of law.

### 2.   Actual Malice

Plaintiffs have not pled facts to show actual malice. Actual malice "has been characterized as the performance of an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff." *K & K Mgmt., Inc. v. Lee,* 557 A.2d 965, 984 (Md. 1989) (quoting *H & R Block v. Testerman,* 338 A.2d 48, 52 (1975)).   Furthermore, the Maryland Court of Appeals has held that:

> in order to properly plead a claim for
> punitive damages, a plaintiff must make a
> specific demand for that relief in addition
> to a claim for damages generally, as well as
> allege, in detail, facts that, if proven
> true, would support the conclusion that the
> act complained of was done with "actual
> malice."

*Scott v. Jenkins*, 690 A.2d 1000, 1008 (Md. 1997).  Here, aside from the allegations of fraud, *see supra*, Plaintiffs have alleged no other facts which, taken as true, would establish the requisite "evil or rancorous motive influenced by hate."

13

Because Plaintiffs have not pled sufficiently either fraud or actual malice, it is a "legal certainty" that they cannot recover punitive damages.

## B.   Attorney's Fees

Attorney's fees are likewise unavailable to Plaintiffs on the facts alleged in their amended complaint.   In Maryland, attorney's fees are generally unavailable to a plaintiff unless (1) the parties to a contract agree in that contract to pay attorney's fees; (2) a statute allows such fees; (3) wrongful conduct of the defendant forces the plaintiff into litigation with a third party; (4) the plaintiff is forced to defend malicious prosecution; or (5) they are considered as an element of a punitive damages award.   *St. Luke Evangelical Lutheran Church, Inc. v. Smith,* 568 A.2d 35, 39-41 (Md. 1990); *7-Eleven, Inc. v. McEvoy,* 300 F.Supp.2d 352, 359 n.4 (D.Md. 2004) (citing *St. Luke Evangelical*).   None of these exceptions applies in the instant case, except that Plaintiffs seek punitive damages; but because punitive damages are unavailable as a matter of law, *see supra,* attorney's fees are likewise unavailable as part of any such award.

## VI.   Conclusion

Because Plaintiffs cannot, on the basis of the allegations currently in their amended complaint, recover either punitive damages or attorney's fees, they have not stated claims for which the amount in controversy exceeds $75,000 per plaintiff. The amended complaint therefore fails to allege facts necessary

for this court to exercise subject matter jurisdiction over this case.   Accordingly, Defendant's second motion to dismiss for lack of subject matter jurisdiction will be granted.   Plaintiffs will, however, be granted a period of time within which to file a motion for leave to file a second amended complaint, provided that such proposed amendment alleges facts sufficient to establish this court's subject matter jurisdiction over the case.   A separate Order will follow.

                                     _____/s/_____
                                     DEBORAH K. CHASANOW
                                     United States District Judge

                                     April 28, 2005